UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MICHAEL LUCON FAVREAU,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF THE ARMY,<br>Agency. | DOCKET NUMBERS<br>SF-0752-11-0273-X-1<br>SF-0752-11-0273-C-2<br><br><br>DATE: April 4, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David P. Clisham, Esquire, San Francisco, California, for the appellant.

David Michael Tucker and Bernard Lee Gotmer, Fort Hunter Liggett,
    California, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

This compliance proceeding was initiated by the appellant's April 22, 2014 petition for enforcement of the Board's February 21, 2014 Final Order in *Favreau v. Department of the Army*, MSPB Docket No. SF-0752-11-0273-I-1. On May 6, 2016, the administrative judge issued a compliance initial decision granting the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition for enforcement and finding the agency in partial noncompliance with the Board's February 21, 2014 Final Order. *Favreau v. Department of the Army*, MSPB Docket No. SF-0752-11-0273-C-2, Refiled Compliance File, Tab 24, Compliance Initial Decision (CID). For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2      On January 18, 2011, the appellant appealed his removal from his Police Officer position. *Favreau v. Department of the Army*, MSPB Docket No. SF-0752-11-0273-I-1, Initial Appeal File (IAF), Tab 1. On February 3, 2012, the administrative judge issued an initial decision reversing the appellant's removal and ordering the agency to restore the appellant effective January 1, 2011. IAF, Tab 48, Initial Decision. Following the agency's petition for review, the Board issued a February 21, 2014 Final Order affirming the initial decision as modified and again ordering the agency to reverse the appellant's removal and restore him effective January 1, 2011. *Favreau v. Department of the Army*, MSPB Docket No. SF-0752-11-0273-I-1, Petition for Review File, Tab 11, Final Order. In the final order, the Board ordered the agency to pay the appellant the correct amount of back pay, interest on back pay, and other required benefits no later than 60 calendar days after the date of the final order. *Id.* at 13-14.

¶3      On April 22, 2014, the appellant filed a petition for enforcement of the Board's February 21, 2014 Final Order. *Favreau v. Department of the Army*, MSPB Docket No. SF-0752-11-0273-C-1, Compliance File, Tab 1. He asserted that his back pay award was deficient because it did not appear to place him in the status quo ante, and because the agency failed to provide him with a narrative statement explaining his back pay. *Id.* at 16-17. The appellant also stated in the petition that the agency reinstated him to his position on February 27, 2012, at which point it immediately placed him on administrative leave and then removed him for a second time on April 30, 2012. *Id.* at 6.

¶4  On May 6, 2016, the administrative judge issued a compliance initial decision granting the petition for enforcement in part. The administrative judge found that the agency was in compliance as to: (1) the appellant's gross back pay and applicable deductions, exclusive of overtime; (2) the appellant's salary and benefits after his reinstatement; (3) the appellant's lump sum annual leave payment; (4) the agency's offsets for "special pay"; (5) restoration of the appellant's leave; (6) the appellant's overtime pay for the year 2011; (7) the appellant's promotion status; (8) payment for the appellant's uniform allowance; and (9) rescission of the appellant's removal and reinstatement. CID at 6-13. The administrative judge found that the agency was not in full compliance, however, because it failed to sufficiently explain its calculations for the appellant's interest payments, failed to explain a discrepancy in the amount of interest owed to the appellant, and failed to submit sufficient documentation establishing that it paid him the overtime due to him for the first four pay periods of 2012. CID at 4-6, 10-11. Accordingly, the administrative judge ordered the agency to provide evidence that clearly set forth the full amount of interest due to the appellant along with how that amount was calculated and provide evidence demonstrating that the agency paid the appellant overtime earned during the first four pay periods of 2012 at the same or greater rate per pay period as the agency paid him for overtime earned in 2011. CID at 14.

¶5  On June 10, 2016, the appellant filed a petition for review of the compliance initial decision. *Favreau v. Department of the Army*, MSPB Docket No. SF-0752-11-0273-C-2, Compliance Petition for Review (CPFR) File, Tab 1. In the petition for review, the appellant challenged the administrative judge's findings regarding his back pay, his post-reinstatement salary, his lump sum leave payment, his withholdings for "Special Pay," his overtime pay, and his promotion status. CPFR File, Tab 1 at 4-8. The appellant did not challenge the administrative judge's findings on his annual leave and time-off award, his

uniform allowance, or the rescission of his removal and reinstatement documentation.  CPFR File, Tab 1.

¶6        On June 29, 2016, the agency submitted a statement of compliance pursuant to 5 C.F.R. § 1201.183(a)(6)(i).  *Favreau v. Department of the Army*, MSPB Docket No. SF-0752-11-0273-X-1, Compliance Referral File (CRF), Tab 2.  In its statement, the agency included evidence of its interest payment calculations, as well as a narrative summary, which described its interest calculations and explained the apparent discrepancy in the interest payments.  *Id.* at 1-2.  The agency also included in its statement an explanation, supported by exhibits, of its discovery that the appellant had not been paid the requisite amount of overtime for the first four pay periods of 2012.  *Id.* at 2-3.  Per the agency, the methodology used to calculate the appellant's overtime pay for 2011 led to a conclusion that the appellant was owed an additional 4.5 hours of overtime pay for the first four pay periods of 2012.  *Id.*  The agency's statement further indicated that a payment for the additional overtime hours had inadvertently been included with his paycheck for the pay period ending May 28, 2016, and as a result, excluded any required associated interest or night differential payments. *Id.*  The agency thus indicated that it had submitted a request to correct its deficiencies for the appellant's additional overtime for the first four pay periods of 2012 and needed additional time to show the correct payments had been made. *Id.*  On October 28, 2016, the agency submitted a supplement to its June 29, 2016 statement demonstrating that it paid an additional 5.5 hours of overtime to the appellant, along with payments for night differential and interest.[2]  CRF, Tab 3 at 4-5.

---

[2] The agency stated that this payment was actually made in addition to the overtime payment included in his paycheck for the pay period ending May 28, 2016, but that the agency would not seek any further corrections to avoid unfairly penalizing the appellant.  CRF, Tab 3 at 2.  The agency also noted that the appellant was mistakenly paid 5.5 hours of overtime rather than the 4.5 hours he was owed but declined to seek correction for the 1 hour of overpayment.  CRF, Tab 2 at 3.

¶7     On December 15, 2016, the Board issued a nonprecedential order, which denied the appellant's petition for review and affirmed the compliance initial decision.[3] *Favreau v. Department of the Army*, MSPB Docket No. SF-0752-11-0273-C-2, Order (Dec. 15, 2016); CPFR File, Tab 5, Compliance Order.   The Board determined that the administrative judge correctly found that the agency was in compliance concerning the appellant's back pay, exclusive of overtime, for the period of time in which the appellant was removed, and also was in compliance concerning his salary after he was reinstated but before his second removal.   *Id.* at 4-5.   The Board referred the matter to the Office of General Counsel to obtain compliance.

¶8     On January 3, 2017, the appellant submitted a response to the agency's statement of compliance.   CRF, Tab 4.   He asserted that the agency's statement of compliance and supplemental statement did not demonstrate compliance because they contained allegedly confusing narratives and made several mistakes, and because the agency did not provide the appellant with draft copies of his corrected time sheets and remedy tickets prior to submitting them for payment. *Id.* at 3.   The appellant did, however, concede that the agency's October 28, 2016 supplemental statement may have been enough to demonstrate compliance, but for the agency's failure to provide him with this information at the beginning of the compliance proceedings.   *Id.* at 6.   The appellant also included in his submission an objection to the Board's finding from its December 15, 2016 Order that the agency's submitted spreadsheets and narratives were sufficient to demonstrate compliance on the issues raised in the appellant's petition for review. *Id.* at 3-4.

¶9     On July 25, 2017, the Board issued an order requiring further information from the agency.   CRF, Tab 5 at 3.   The Board explained in the order that the agency's pleadings throughout the compliance litigation appeared to contain

---

[3] The Board's December 15, 2016 Compliance Order is incorporated into this Final Order by reference.

inconsistent explanations regarding the appellant's overtime pay for the first four pay periods of 2012. *Id.* at 1-3. The agency's original explanation was that the appellant was sufficiently compensated for overtime for 2012 because he was paid 252 hours of overtime for 2012 as a result of separate litigation related to his April 26, 2012 removal, occurring at MSPB Docket Number SF-0752-12-0547-I-6 (Removal Appeal) and that 252 hours was more than he was otherwise entitled to for the year 2012. CRF, Tab 2 at 8. Its revised explanation was that it had recalculated the appellant's overtime for the first four pay periods of 2012 and determined that he was owed another 4.5 hours of overtime. *Id.* at 5-6. Accordingly, the Board ordered the agency to explain the discrepancy in its explanations to demonstrate compliance. CRF, Tab 5 at 3.

¶10 On August 8, 2017, the agency responded to the Board's order. CRF, Tabs 6-8. The agency indicated in its response that it abandoned its prior assertion relating to the 252 overtime hours, which arose out of an improper conflation of the appellant's 2011 compliance litigation with his 2012 removal appeal litigation. CRF, Tab 6 at 4-6. The agency explained that it reached its new conclusion regarding the appellant's overtime hours by now relying solely on the administrative judge's order to specifically calculate the overtime hours owed to the appellant for the first four pay periods of 2012, and determined using that methodology that the appellant was owed an additional 4.5 hours of overtime. *Id.* at 6. The agency included supporting documentation with its response to verify its explanation. CRF, Tabs 6-8.

¶11 On August 22, 2017, the appellant replied to the agency's response, asserting that the agency's supporting documentation did not appear to demonstrate compliance in a comprehensible manner. CRF, Tab 9 at 5. He further repeated his prior objections to the Board's December 15, 2016 finding that the agency was in compliance as to the appellant's back pay for the period of time between February 26-April 30, 2012. *Id*. at 4-5.

## ANALYSIS

¶12　　　　When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Id.* The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶13　　　　The agency's submissions have provided evidence that the agency is now in compliance with the Board's Order. The agency provided sufficient evidence of its interest calculations for all back pay owed to the appellant, including the interest owed for his overtime pay for the first four pay periods of 2012. CRF, Tab 2 at 4-6, 10-29. The agency also satisfactorily demonstrated that it paid the appellant the correct amount of overtime pay for the first four pay periods of 2012 and provided the necessary narrative explanation and evidence in support. *Id.* at 5-6, 30-39; CRF, Tab 3 at 4-16. We have considered the appellant's objections to the agency's pleadings but do not find any of his arguments to be meritorious. The appellant has not identified any requirement that he should have been given draft copies of his corrected time sheets and remedy tickets before the agency paid him back pay, and he already has conceded that the agency's submitted evidence of compliance appeared to be sufficient. CRF, Tab 4 at 6. Finally, to the extent that the appellant is merely repeating arguments he already raised in his petition for review, these arguments were already considered and rejected by the Board in its December 15, 2016 Order.

¶14      Accordingly, in light of the agency's evidence of compliance, the Board finds the agency in compliance and dismisses the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                   /s/ for
_____

                                 Jennifer Everling
                                 Acting Clerk of the Board
Washington, D.C.